SAM COLBERT v. THE STATE.

No. 12908. Delivered April 16, 1930.
Reported in 27 S. W. (2d) 168.

The opinion states the case.

*Clifford Graves* of Paducah, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Conviction for passing counterfeit money; punishment, two years in the penitentiary.

According to the State's witnesses, the appellant and three other negroes were engaged in some kind of gambling game, and one of them put into the game a metal dollar which he said was good. Appellant won this pot, and got, among other things, this dollar, which he turned over to the State's witness, Red Jordan. Red took it away with him, and the next day spent it, but it was brought back to him with the statement that it·was no good, whereupon he said he went to the appellant and talked to him about this dollar and told him it was no good, and that he was going to bring it back to the appellant. Jordan says he carried it to the appellant and finding him absent, gave it to the appellant's wife and told her the dollar was no good. This witness said the dollar referred to looked like the one which was shown him on the witness-stand.

A young woman who worked in a hamburger stand which belonged to Mr. and Mrs. Loraine testified that about the 2nd day of April, a negro gave her a coin in payment of three hamburgers and received from her seventy-five cents in change. He also bought a small quantity of other stuff. She put the coin in the cash register. When shown the coin, the passage of which was the basis of the prosecution, she said that it resembled the one which she had received but that she could not identify it. She did identify the appellant as the person who bought from her the articles mentioned above and paid her with a coin, which was the only one-dollar coin that was handed her that night. The coin was placed by the witness in the cash drawer. She claimed no previous acquaintance with the appellant but said that she recognized him when she saw him in jail after he was arrested.

The sheriff testified that he received from Mr. Loraine the coin which was put in evidence. The coin contained no marks of identification. On cross-examination the witness said that she received the coin from Mr. Cabiness. At all events, it came into his possession, but he could not state the date nor definitely from whom he received it. Neither Loraine nor his wife were used as witnesses.

The appellant testified and denied that he had had the transaction at the hamburger joint on the occasion described by the young lady. By his testimony and that of others he raised the additional defense of alibi. The appellant admitted his participation in the game with the State's witness Jordan and others; also that there was a coin which figured in the game, but that the one introduced was different in appearance and was not the same coin. He denied any information that the coin which his wife had received from Jordan was

counterfeit. The wife of the appellant testified that her husband never had in his possession the coin which was exhibited to her at the trial; that he lost a dollar which belonged to her in a game with Jordan and others. She further testified that she lost some money near Sad Sam's cafe; that it fell on the ground; that some of it she recovered and some of it she did not.

A witness testified that she knew of the loss of the money by the appellant's wife as above mentioned but did not remember the date of the month; that she picked up some of the money and that Tommie Justice picked up some of it; that Tommie Justice had since left the county.

An application for a continuance was made and overruled. It was sufficient to show diligence to secure the testimony of the witnesses who, according to the averments of the motion, would have given testimony supporting that of the appellant's wife to the effect that she had lost some coins that were picked up by other persons. The application is the first one, and the action of the court in overruling it is properly before this court for review.

The identity of the coin in question was quite indefinite. The coin was placed by Jordan's testimony in the possession of the appellant's wife but according to her testimony, it was not received by the appellant and the coin received by her was not the coin that was exhibited to the jury. The coin received from the appellant was traced to the possession of Loraine or his wife, but was not by either of them shown to have been the coin exhibited to the jury. According to the testimony of the appellant's wife, the coin received from Jordan had not subsequently gone into the possession of the appellant. From the whole record it is apparent that the circumstances upon which the State relies are not conclusive as to the identity of the coin. The issue of the appellant's identity was closely contested and controverted both by his testimony and by that of others. There was testimony corroborating the appellant's wife to the effect that she lost coins near a cafe and that they were picked up by others, some of whom were the absent witnesses named in the motion for a continuance. Considering the state of the record it is believed that the court was not justified in overruling the application for a continuance. The absent testimony would have shed light upon the controverted issue.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*